```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JEROME LAMAR YOUNG,                 Civ. No. 19-14352 (NLH)

        Petitioner,         **MEMORANDUM OPINION & ORDER**

  v.

JOHN POWELL,

        Respondent.

**APPEARANCES**:

Jerome Lamar Young
1222138/212953-C
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro Se

**HILLMAN, District Judge**

    WHEREAS, Petitioner Jerome Lamar Young filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, see ECF No. 1; and

    WHEREAS, Petitioner indicates he is currently serving a sentence imposed by the Bridgeton Joint Municipal Court, see id. at 1; and

    WHEREAS, "a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of [28 U.S.C.] § 2254 rather than § 2241." Washington v. Sobina, 509 F.3d 613, 619 n.5 (3d Cir. 2007). Section 2254 grants federal courts jurisdiction to "entertain an

application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); and

WHEREAS, this Court is required to notify Petitioner of the legal consequences characterizing his application as a petition for writ of habeas corpus under § 2254 and to advise him of his options. Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244, a prisoner challenging the legality of a sentence imposed by a state court under § 2254 must include all potential claims in a single, comprehensive petition which must be filed within one year of the date when the judgment of conviction became final. Except in very limited circumstances, a prisoner is barred from filing a second or successive habeas corpus petition; and

WHEREAS, characterizing this petition as a § 2254 petition means that Petitioner will be subject to the restrictions on "second or successive" petitions under AEDPA for any subsequent filings; and

WHEREAS, a district court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the applicant has exhausted the remedies available in the courts of the State or exhaustion

2

is excused under 28 U.S.C. § 2254(b)(1)(B) because there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See Henderson v. Frank, 155 F. 3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993). Exhaustion requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground raised in the petition to all levels of New Jersey courts, including the New Jersey Supreme Court. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose v. Lundy, 455 U.S. 509 (1982). Unexhausted petitions are subject to dismissal, Rhines v. Weber, 544 U.S. 269 (2005);

WHEREAS, it is not apparent to the Court whether Petitioner intended the petition to be his one, all-inclusive § 2254 petition. Therefore, Petitioner may now tell the Court how he wants to proceed by choosing one of the following options and notifying the Clerk of his choice pursuant to the terms of this Order. Accordingly, Petitioner may:

  a. Have his petition ruled upon as filed;

  b. Withdraw the petition, and file one all-inclusive § 2254 application within the one-year statutory period allotted under 28 U.S.C. § 2244(d).

Under option (a), the Court will recharacterize the pleading as

a petition for writ of habeas corpus filed under § 2254 and review the petition under Rule 4 of the Rules Governing § 2254 Proceedings. Petitioner will lose his ability to file a second or successive petition under § 2254 absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances; and

 WHEREAS, under option (b), if the petition was filed within the one-year statutory period allotted under 28 U.S.C. § 2244(d), then the statute of limitations will be tolled from the date Petitioner handed the original petition to prison officials for mailing to the Clerk of the Court until 45 days after entry of this Order. Under these circumstances, if the original § 2254 Petition was filed within the one-year limitations period, Petitioner will have the 45-day response period plus any time remaining within the one-year statute of limitations period (as of the date the original application was filed) to draft and file the one all-inclusive § 2254 Petition; and

 WHEREAS, if Petitioner chooses option (b), he must resubmit his one, all-inclusive petition on the form provided by the Clerk of the Court, AO 241 (modified): DNJ-Habeas-008 (Rev. 01-2014). The Clerk shall be directed to provide said form to Petitioner along with this Order; and

 WHEREAS, regardless of which option Petitioner ultimately chooses to pursue, he must write to the Court within 45 days of

this Order to inform the Court of his decision;

THEREFORE, IT IS on this __13th__ day of February, 2020

ORDERED that Petitioner has forty-five days from the date of this Order to file with the Clerk a letter or other written response signed by Petitioner advising the Court how he would like to proceed; and it is further

ORDERED that, if Petitioner does not file a signed response choosing one of the above options within forty-five days of this Order, the Court will recharacterize the § 2241 petition as a § 2254 petition and review it under Rule 4 of the Rules Governing § 2254 Proceedings; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order, as well as a blank § 2254 form, AO 241 (modified): DNJ-Habeas-008 (Rev. 01-2014), on Petitioner by regular mail.

At Camden, New Jersey        s/ Noel L. Hillman
    NOEL L. HILLMAN, U.S.D.J.